IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

JOSHUA PAUL RAPIER                                                                                  PLAINTIFF

v.                                      Civil No. 2:22-cv-02106-PKH-MEF

CHIEF OF POLICE KEN HOWARD, *et. al.*                                                  DEFENDANTS

### MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This is a civil rights action filed under 42 U.S.C. § 1983. Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3), the Honorable P. K. Holmes, III, Senior United States District Judge, referred this case to the undersigned for the purpose of making a Report and Recommendation.

Currently before the Court is Plaintiff's failure to obey a Court Order and failure to prosecute this case.

### I.     BACKGROUND

Plaintiff filed his Complaint on July 5, 2022. (ECF No. 1). In the Order granting him *in forma pauperis* status, Plaintiff was advised that he must inform the Court of any address change within 30 days, or his case would be subject to dismissal. (ECF No. 3). On December 7, 2022, Defendant Howard filed a Motion to Dismiss for Failure to Prosecute and Obey a Court Order. (ECF No. 14). As grounds, Defendant Howard stated that mail sent to Plaintiff had been returned as undeliverable. Additionally, when contacted to schedule a deposition with Plaintiff, the Crawford County Detention Center indicated Plaintiff had been released from jail on September 21, 2022. (*Id*.). The returned mail receipt was attached as Exhibit One to the Motion. (ECF No. 14-1). On February 8, 2023, Defendant Howard filed a Notice, stating that they had received the

Motion to Dismiss and accompanying documents returned as undeliverable. (ECF No. 16). The returned mail receipt was attached as Exhibit One to the Motion. (ECF No. 16-1).

More than 30 days have passed since Plaintiff was released from custody, and mail sent to him in the Crawford County Detention Center was returned as undeliverable. To date, Plaintiff has failed to inform the Court of his address change, and has not otherwise communicated with the Court.

## II. LEGAL STANDARD

Although *pro se* pleadings are to be construed liberally, a *pro se* litigant is not excused from complying with substantive and procedural law. *Burgs v. Sissel*, 745 F.2d 526, 528 (8th Cir. 1984). The local rules state in pertinent part:

> It is the duty of any party not represented by counsel to promptly notify the Clerk and the other parties to the proceedings of any change in his or her address, to monitor the progress of the case, and to prosecute or defend the action diligently. . . . If any communication from the Court to a *pro se* plaintiff is not responded to within thirty (30) days, the case may be dismissed without prejudice. Any party proceeding *pro se* shall be expected to be familiar with and follow the Federal Rules of Civil Procedure.

Local Rule 5.5(c)(2).

Additionally, the Federal Rules of Civil Procedure specifically contemplate dismissal of a case on the grounds that the plaintiff failed to prosecute or failed to comply with orders of the court. Fed. R. Civ. P. 41(b); *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962) (stating that the district court possesses the power to dismiss *sua sponte* under Rule 41(b)). Pursuant to Rule 41(b), a district court has the power to dismiss an action based on "the plaintiff's failure to comply with *any* court order." *Brown v. Frey*, 806 F.2d 801, 803-04 (8th Cir. 1986) (emphasis added).

### III. ANALYSIS

Plaintiff has failed to keep the Court apprised of his current address as required by Local Rule 5.5(c)(2). Plaintiff has failed to comply with a Court Order. Plaintiff has failed to prosecute this matter. Accordingly, pursuant to Federal Rule of Civil Procedure 41(b) and Local Rule 5.5(c)(2), Plaintiff's Complaint should be dismissed without prejudice for failure to comply with the Court's Local Rules and Orders and failure to prosecute this case.

### IV. CONCLUSION

Accordingly, it is recommended that Plaintiff's Complaint (ECF No. 1) be DISMISSED WITHOUT PREJUDICE.

**The parties have fourteen (14) days from receipt of the Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 16th day of February 2023.

/s/ *Mark E. Ford*
HON. MARK E. FORD
UNITED STATES MAGISTRATE JUDGE